Hold on one moment. I want to make sure that we also have, yes, we have Ms. Sindhara. Very Good morning, Chief Judge Pryor. May it please the court. Tracy Dreisbel, Assistant Federal Public Defender on behalf of Appellant Carlos Granda. Mr. Granda was convicted in Couch 6 on a general verdict after the jury was, in his case, was instructed that it could convict on multiple alternative theories of guilt, one of which was later determined to be constitutionally invalid by the United States Supreme Court and this court. This is Stromberg error and this court's precedent determining how we review Stromberg error on collateral review was established in Parker versus Secretary of the Department of Corrections in 2003. Parker has never been abrogated by this court en banc or the United States Supreme Court. Did you see the vote? Ms. Dreisbel, are you familiar with the opinion that issued this past week? Yes, Your Honor. Garcia? Yes, Your Honor. And Garcia is second in time and it is directly contrary to Parker. And that is why under this court's prior precedent rule, this court is obligated to follow the first in time precedent. And Parker is directly on point because this is a Stromberg error. And what Parker held, Parker was issued in 2003, which was 30, 36 years after Chapman. Parker recognized that Stromberg error is not structural and it established the mode of dealing with collateral review on harmless error on collateral review in that situation. And the facts of Parker were that it was a homicide case and the jury was an oral instruction. I'm sorry, the oral instructions omitted a felony murder instruction and only gave a premeditated first degree murder instruction. The written instructions, however, were correct. And so the Florida Supreme Court held that the conviction had to be overturned, notwithstanding the fact that the jury had been given a correct written instruction on felony murder. I'm sorry, the Florida Supreme Court held that that error was harmless because of overwhelming evidence of premeditated murder. And what this court held was that that was the wrong analysis. This court did find that the error was harmless by looking only at the felony murder instruction prong by itself. Because the jury had received a correct written instruction on felony murder, the omission of the oral instruction was harmless. But this court also made clear that the Florida Supreme Court's analysis was contrary to clearly established federal law, Stromberg, because you can't just look at overwhelming evidence on the correct prong and then say it's harmless. To do so would eviscerate Stromberg entirely. And the court found that this was consistent with its prior precedent in Adams versus Wainwright, which held that you only look at the trial court's instructions in the jury verdict to determine whether or not the charge was sufficient. You don't look at the strength of the evidence on the correct prong. Now, the government, I think, is believing that this was completely advocated by Hedgepeth versus Pulido, which was a 2008 case. And that's simply not true. The cases are actually strikingly similar in many respects. And Hedgepeth versus Pulido, the district court, in fact, found Brecht error. But the state of California appealed. And so the Ninth Circuit, in the Ninth Circuit, Pulido made a structural argument in the alternative, in addition to arguing that he had been prejudiced under Brecht. And the Ninth Circuit kind of found Brecht error. There was kind of some back and forth between the majority and the dissenting opinion about that. But then they also said, this is structural error. And so the Supreme Court took cert to make clear that Stromberg error is not structural. But the rationale of the Supreme Court and Hedgepeth versus Pulido was that a defendant should not be put in a better position just because the court instructed the jury on both an incorrect prong and a correct prong. Ms. Strice, I think there's a lot of merit to a lot of your arguments. I think I can only speak for myself. But I think Garcia is inconsistent with Stromberg. That may be something our court has to clear up. I understand your argument that this is Stromberg error. But the thing that I keep coming back to is why isn't it harmless error? And let me tell you where I'm coming from. It seems to me that a lot of the jury instructions were really directed toward the drug trafficking aspect of the case, that when instructing the jury on what it means to carry or possess a firearm under 924-0, the court explained that the firearm had to be available for immediate use during the commission of the drug trafficking offense, no mention of the crime of violence. It explained that carrying a firearm in relation to an offense means there must be a connection between the defendants, the firearm, and the drug trafficking offense. Also, no mention of the crime of violence. And then you look at the evidence here, and it seems to me the evidence is overwhelming that this would have been based on valid predicates. All but one of the predicates here would be valid predicates, and it's hard to understand how you could have finding a guilt on one without the other. So, you know, if this isn't a case for harmless error, what would be? Okay, so now I have five answers to that, Judge. I'm going to try and take them in turn. Under Adams versus Wainwright, if this court is following the Stromberg line of cases, we don't look at the evidence at all. Adams versus Wainwright said you just look and see whether the jury is instructed on an improper theory. And if we take that in isolation, then we have the jury being instructed that they're able to convict on a non-offense. Regardless of the evidence, that is prejudicial error. No question. The jury instructions, I think I addressed this in a footnote somewhere in my brief. They did at some point omit references to the crimes of violence, but if you read them as a whole, which the court has to do, the jury was very clearly instructed that it could convict on count six based only on one crime of violence or drug trafficking offense. The evidence in this case was extreme. This court held in Mr. Granda's direct appeal was entirely circumstantial with respect to his knowledge of the drug trafficking. It certainly was sufficient to convict, but when we're looking at what the jury found, he specifically intended that gun would be used for, because remember, he was acquitted of the 924C offense. He was only convicted of the 924O. There's no way to know if the jury thought that he intended a gun specifically to be used in connection with the drugs as opposed to the robbery. But then again... One other thing I worry about is procedural default here. And whether you could overcome procedural default, particularly with a showing of prejudice where the sentence you're talking about for this conviction would not change your client's term of imprisonment because he's serving a longer sentence for other convictions. Your Honor, I think the Davis case from 1974 from the Supreme Court establishes that an unconstitutional conviction is prejudicial for this purpose. But I also want to point the court going back just to showing... And we do not procedural default. Oh, go ahead. I'm sorry. Oh, I'm sorry. I think the procedural default answer rises and falls with the merits. If he is entitled to relief on the claim that he was convicted of a non-offense, that is the prejudice necessary to show procedural default to overcome the procedural bar. It wouldn't change how long the overall sentence is going to be. It might under the guideline calculation if he's no longer convicted of a gun crime. Certainly, it's going to change his assessment. It might change the guidelines. But I mean, the Supreme Court held in 1974 that an unconstitutional conviction by itself is prejudiced. I believe that's United States v. Davis. He's got two concurrent 324-month sentences for his drug crimes, right? Yes, I believe that's correct, Your Honor. I don't understand how vacating the 240-month sentence is going to change it. I don't think the court can just look at the sentence. It's an unconstitutional criminal conviction. The court held in Davis that to be a conviction on an unconstitutionally vague statute is no offense at all. An unconstitutionally vague offense is no offense at all. I see I'm... Am I over my time? I'm getting to the end of my time. No, you're not. Go ahead. I want to go back to... On a different line of cases, to get back to Chief Judge Pryor's question about prejudice, haven't courts for a fairly long time rejected the concurrent sentence doctrine as a bar to relief because of the special assessment that has to be imposed for... I believe that's correct, Your Honor. I believe that it is being convicted of an unconstitutional offense, even without an additional criminal penalty in prison. The assessment is a penalty. If we are following the Stromberg line of cases, then we need to look at the three cases... Counsel, if I might, I want you to come back then to what seems to me to be the pivotal question, whether it's permitted on procedural default or wrecked harmless error. How are we to come away and say, this is where I'm having some difficulty, that the jury could have reached all of the convictions it did and say the predicate for the O count, the O charge, just was the gun rather than... Doesn't it have to include the drugs and the carjacking as predicates? So, Your Honor, the... I guess I'm putting it more awfully. The difficulty I'm having is, I don't see how on God's green earth this jury could have come away with any conclusion, given the conclusions that it reached, with any conclusion other than that these other predicates were the basis as well for this... So, Your Honor... It seems very almost formalistic in a medieval scholastic sense for me to say that this is all she wrote, this is what the jury relied on. I just don't see how that could have happened here. And maybe I'm missing it, and maybe I'm looking at it in the wrong way. So, help me with my problem. So, if I may start from the end, I do believe respectfully, Your Honor, is looking at it from the wrong way. On page 30 and 31 of our brief, there was a trio of cases, one of which was decided after Chapman, where the Supreme Court held, if a Stromberg error is based on two predicates which are inextricably intertwined, the court must either affirm as to all or vacate as to all. Now, I want to make two points about these cases. Many of them involve protected First Amendment speech issues, but not all of them. Williams v. North Carolina was a bigamy prosecution, where the constitutional defect involved a full faith and credit clause, nobody was talking about protected conduct. So, they apply here. The second is that Street v. New York was applied after Chapman, and the court held, we either vacate, we either affirm as to all or vacate as to all. And I think the reason is just for exactly what the court was talking about in the last case, is that we cannot go behind and see what the jury is doing. This is another reason why Beamon just can't apply here. In Powell, this was a split verdict. In Powell, the Supreme Court said, we can't rely on the fact that this was a split verdict to get relief, A, because it would be rank speculation as to what the jury was doing, and B, because we have this long history of not invading the province of the jury. We as defense lawyers are not allowed under Rule 606 to put jurors on and say, hey, what were you thinking? Ethics rules in most cases prohibit us from even talking to the jurors. We can't send this back, like the court does in Beamon's situation. So, we are here speculating. You've gone considerably over. You've been answering questions from the court. If you've got anything else to wrap up before, miss, we hear from the government. Do you feel safe for the rebuttal? I think it can wait for my rebuttal. I will just say, on the facts of this case, I think the court could find at least one juror would have wanted to limit the defendant's participation in the gun only to the conspiracy, as evidenced by the fact that they acquitted him of the substantive 924c count. Okay. Thank you, Ms. Drisper. You saved four minutes for rebuttal. Ms. Sundaram. Thank you, Mr. Court, Counsel. Good morning, Your Honor. Siva Sri Sundaram for the United States. Your Honors, Mr. Granda's claims fail under whichever legal theory we proceed under here, the appropriate legal theories that we proceed under here, and I'll try to address those in turn. First, talking about the Parker case. Parker has been undermined to the point of aggregation by HedgePet. What Parker said was that because of Stromberg structural error limitations, but then because of the cases that came after talking about the appropriateness of harmlessness error, Parker was coming up with its harmless error standard in an effort to reconcile those two things. And so what Parker says was that we have to look at each of these alternative theories independently and look at the harmlessness and assess the harmlessness as to each one of those. Now, in Parker, that was fine, where the situation there was that the court gave an incomplete oral jury instruction as to one of those theories. But you agree, though, that Stromberg hasn't been aggregated, right? Well, I believe that HedgePet does undermine Stromberg, at least in this scenario, Your Honor. The Supreme Court and HedgePet specifically said that— This is different, though, isn't it, from the Beeman situation? We don't have a district judge making a finding about prior convictions. The sort of finding that Amadaris Torres says does not have to be made by a jury. What we have here is the predicate or companion conviction being one that had to be found in a jury verdict, right? Your Honor, I do believe that Garcia's application of Beeman was correct in this scenario, and I'll explain why. What we have here is we start with a long line of precedent saying that habeas petitioners bear the burden of proof. And all Beeman did was clarify what that burden is in the scenario where the residual clause of a definitional statute has been invalidated. And what we have here in Davis is the residual clause of a definitional statute has now been invalidated. So all we're saying with the application of Beeman to this scenario is that a petitioner has to show a Davis error. And in order for there to be a Davis error, the conviction has to have relied on the residual clause solely. And so that's how a petitioner would meet his burden of proof in this context of showing— How do you conceptually— How do you figure that out, given Stromberg? You look to the record, Your Honor, what Hedgepeth said about Stromberg. Hedgepeth involved— And this is where I think we have to take a step back for a minute, because when we're looking to get to harmless error analysis, there's two steps. We have to see whether there was an error to begin with. That's the first step. And if there was an error, then we get to the harmlessness analysis. And in this case, in our circuit, what Beeman has done is it has defined what it means to have an error at that first step. There has to be an actual Davis error, not just the possibility of a Davis error, but an actual Davis error such that the petitioner shows that his conviction relied on the residual clause, which is what Davis prohibited. But Beeman is in a completely different procedural scenario, is it not? The Beeman case itself, yes. But what Beeman relied upon is that burden of proof. Beeman relied upon that burden of proof that a petitioner has to show entitlement to relief on his claims. It seems to me it's very clear here that there was a Stromberg error because the jury wasn't required to base the conviction to identify only a valid predicate as opposed to the invalid predicate. Now, the question about whether Mr. Granda can establish that he was prejudiced or whether the government can establish that the error was harmless to me is a separate one. But I don't see how there's not an error here. And I can address the harmlessness. I do agree with your honor that if we were to get to the harmlessness, Mr. Granda's claims fail under Brett's harmless error standard. So setting that aside, I do believe that what happens here is what Beeman does is we say there has to be an error first before we get to an analysis of the harmlessness of that error. In order for there to actually be an error, all Davis said was that a conviction that relies on the residual clause is a problem. And so that's what the error is, your honor. So in this case... Yeah, but it's in the context of a jury verdict, which is different from a prior conviction that judges can find as a matter of fact. Right? I mean, that's what makes this Stromberg here as opposed to something else. I don't believe that's the case. I do believe Beeman because it relied on this precedent that it's a petitioner's burden of proof to show that error. It is the petitioner's burden to prove that there was an error, which it seems to me the petitioner has done if we get the fast procedural default. But it seems to me that's as far as Beeman takes us. And Garcia last week said, did not even acknowledge Stromberg, did not even really acknowledge the problem that we're discussing in grappling. And your honor, I believe that's it. And I would note that Stromberg and Parker were before the court in that case. But I believe that what Garcia did was do the same analysis that I'm suggesting we do, which is we are able to apply that Beeman definition of what error means in this context. But understanding that your honor's position is that it maybe doesn't apply here. I don't believe that Garcia was incorrectly decided. But even assuming that it was, even assuming that Beeman does not apply here, then the next step that we go to is applying Brecht's Heightened Harmless Error Standard. And under Brecht's Harmless Error Standard- I'd like you to help me with a prefatory question of whether or not there was procedural default here. Yes, your honor. She was not timely raised on direct appeal. What about cause, prejudice, and actual innocence? That's what I want you to help me with. Yes, your honor. And Mr. Branda cannot overcome procedural default here. I know there's a lot of debate regarding cause. So let's just assume even if he could show cause- What's your view on cause? Well, your honor, our view on cause is that the underlying tools that make up this legal claim, the tools are there. Vagueness has existed since well into the 1920s. But we do recognize that the courts have sometimes said that with Johnson, because the Supreme Court overturned itself, that there is cause there. And while the Supreme Court didn't overturn itself as to 924C, we do recognize that Davis stemmed from Johnson. So we see both sides of the argument as to cause. I mean, the Supreme Court has actually applied that line of cases in scenarios where the issue was not raised at the trial level and was only raised in collateral proceedings, right? Yes, your honor. And that's why I'm focusing primarily on the fact that Mr. Branda certainly can't meet his burden of showing- So the cause would be novelty, right? I'm sorry, your honor? The cause would be novelty. Yes. If we make that assumption. And so then what? Then at that point, Mr. Branda cannot meet his burden, which it is his burden of showing actual prejudice in this instance. The Davis case that was cited was where the entire conviction was vacated and was a non-offense. That's not the scenario here. And I would note for the court, there was some mention of the concurrent sentence doctrine. The concurrent sentence doctrine in the habeas context is a very different matter than the concurrent sentence doctrine on direct appeal. In the habeas context, the concurrent sentence doctrine applies, your honor, because all we're talking about at this point with a 924-0 conviction is a standing $100 special assessment. And that is not a cognizable claim for a 2255. The Third Circuit has gone into great detail about this analysis in the habeas context. And so I do believe that the concurrent sentence doctrine would apply in this scenario as well as another barrier to relief. Now, on top of that, even if he could show outside of cause and prejudice, your honor, Mr. Granda cannot meet his burden of showing actual prejudice. Can he show? What do we do with the kinds of evidence we had here and the multitude of convictions that the jury had holding aside the issue of the special assessment? Can he show prejudice? No, your honor. He can't show prejudice. Because of, and it's all kind of the same reasoning for all these legal theories, but all of us agree with you that the question of prejudice cuts across the whole case. Whether we review it under procedural default, cause and prejudice, or whether we just go from Stromberg to Hamos era and take it up there, the same question pervades both lines of analysis. But I want you to go right to that issue for me. Yes, your honor. And there's no prejudice here because all of his predicate offenses, the conspiracy, Hobbs Act robbery, the attempted Hobbs Act robbery, the drug trafficking offenses, and the attempted carjacking are all inextricably intertwined. That's the nature of this type of reverse sting robbery case. They're all inextricably intertwined. The jury found Mr. Granda guilty beyond a reasonable doubt of all of those predicate offenses. And there's no way he can show otherwise. And in fact, this court held similarly in, I believe the case was Fordham v. United States, your honor, which was in the skilling context in which this court said that he had procedurally defaulted his claims because he couldn't show that it was more likely than not that the jury relied on the no longer appropriate on a services prong in that scenario. And so why does the inextricably intertwined standard matter? Why is that somehow the test? Well, I guess I use those words. I don't know if it's the test necessarily, but it's basically to show that he can't show any actual prejudice by this one predicate conviction that is no longer valid because of all these other, these four other predicate convictions that are in fact valid, that are so intertwined with this, that there's no way. So if that's right, then if you had a case where the predicate convictions were temporally and substantively different, what would be the result? It would depend on drug trafficking on February 1st. Right. And you had a Hobbs act robbery on June 2nd, and you had something else on October 15th. Now what? And the reason I ask you is we not only have to figure out this case, but if we go down the road that you've mapped out for us, we've got to figure out a standard that's going to follow in all the other cases that come. So what do we do with those scenarios? Of course, your Honor. And in this case, it's obviously easier to see that, but I think in other cases, it would depend on looking at all the facts because what actual prejudice talks about is, has this error infected the entire trial with error of constitutional dimension? And there may be scenarios where it doesn't because in, for example, the, the instance that you provided, it may be that the evidence of the drug trafficking was so, was so pervasive and that any reference to the now no longer valid predicate really was not, didn't take over the entire trial such that that error just infected the entire trial. And so I think we'd have to look at the facts of each particular case. These cases where they're intertwined are much easier. Let me, let me ask you this too. When it comes to the burden of proving prejudice, because we're on collateral review, I take it your argument would be that, you know, if we, if this were, if this is Stromberg error, just assume that it is, that that's what it's properly classified as. If we're up on direct appeal, the government would have the burden of proving that the Stromberg error was harmless beyond a reasonable doubt. But in this context on collateral review, the, the burden of proving that it was harmful error is, is on the movement. I'm sorry, I couldn't hear the last. The burden is on the movement that is the, the prisoner. Well, your honor, I just want to clarify that because on, in the Hades context, the burden is clearly on the petitioner to overcome procedural default. But I do think Brett has been not quite categorized as a stand, as a burden of proof as opposed to more of what is in the courts. The chief judge is making counsel is that if we undertake a review for procedural default here, there would be little doubt that the burden would rest with the petitioner to establish harmless error or prejudice, prejudice in this case, harmful error, correct? That's correct, your honor. Okay. That's correct, your honor. Um, Ms. Sundaram, your, um, your time is almost expired. Do you have anything else that? Not unless your honors have any further questions. We've just asked you to affirm Mr. the denial of Mr. Brown. I don't hear any questions. So, um, Mr. Dreisfeld, um, you have four minutes. Thank you, your honor. Um, Adams versus Wainwright, Wainwright was, Adams versus Wainwright was very clear that this court does not undertake a review of the record in this situation. We look only at the jury instructions and the verdict. They didn't say it, but what they were doing was essentially applying the categorical approach. And that, that makes sense again, for all the reasons I just explained, being as how you can't, you can't guess what the jury is doing. The Supreme court told us that in Powell, we can't get behind a split verdict. And that's exactly what the court is asking us to do here. And it's just an impossible standard. Um, the Brecht standard, I want to be very clear. The government has referred to it as a heightened harmless error standard. All Brecht did was remove the government's burden of showing proof beyond a reasonable doubt and habeas. It is the Kodiakos harmless error standard, and it is still the government's burden to prove harmlessness on collateral review. In this case, I don't think the court should look at the evidence. I think that the court should follow Adams, which Parker reaffirmed, and which has never been overturned. It is entirely consistent with the analysis applied by the Supreme court and Hedgepeth versus Pulido. And if the court only looks at the jury instructions in the verdict, in this case, the court has to find that the jury was instructed that it could convict Mr. Offense. And that is constitutional error. It clearly influenced the jury's deliberations because the jury was specifically invited and instructed that they could convict Mr. Mr. Granda of what we now know is a non-offense. I don't think the court should get into the facts of this case, but if the court does under the appropriate standard, the court, the court has to find that the jury extricated the counts from each other by acquitting Mr. Granda of count six, I'm sorry, of count seven. And this is another similarity and distinction to the Garcia case. Garcia applying Beeman, Mr. Garcia had also been acquitted of a substantive 924C account and applying Beeman, the court still said, you can't meet your burden of showing that this was prejudicial. But under the Brecht standard, as the court, the Supreme court made clear in O'Neill versus McAnish, the tie goes to the government. And so if the court is in equipoise and looks at this verdict and says, we can't really tell what the jury is doing. We're not sure why the jury acquitted him of count seven, but convicted him of count six. And if that is the case, this court must have graved out and must find that Mr. Granda has shown an entitlement to release. Ultimately, however, I do think that this, this case is governed by Adams and, and, and Parker, which say that you don't even get into the facts. You just look at, at the erroneous jury instruction and whether the jury was given the green light to convict on an unconstitutional offense, which it was in this case. And I would also submit that if the court is going to be focusing on the inextricably intertwined, the court that has to follow Street versus New York and Williams versus North Carolina and Thomas, I can't remember the other things, Thomas versus Collins, which are at pages 30 and 31 of Mr. Granda's initial brief, and very clearly establish that where there is and the court cannot tell which prong the jury convicted on. And one of those prongs is erroneous that the error, the conviction must be vacated. Okay. If there are no further questions. Thank you, Ms. Strice, but we have your case and we'll move to the next one. Thank you.